IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LU'VELL LIVINGSTON, II, and
MOLTON OGLESBY                                                                                    PLAINTIFFS

v.                                        5:08CV00330JLH/HLJ

GERALD ROBINSON, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

By Order dated February 25, 2009 (DE #13), this Court granted plaintiffs' applications to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding plaintiffs' complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed plaintiffs to amend the complaint. They have now filed an amended complaint (DE #23).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct.

1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiffs are inmates incarcerated at the W.C. "Dub" Brassell Detention Center in Pine Bluff, Arkansas. In both the original and amended complaints, plaintiffs complain about defendants' limits on telephone calls, outgoing mail, and paper and envelopes and stamps. Plaintiffs allege that these limitations violate their rights to counsel and freedom of speech. Plaintiffs also complain that detainees eligible for bond are incarcerated with detainees convicted and awaiting transport to the Arkansas Department of Correction (ADC). Finally, plaintiff Oglesby complains about an incident which occurred on December 5, 2008, in which he became ill and lay on the floor of his cell for twenty-five minutes before being transported to a medical facility.

First, with respect to plaintiffs' allegations concerning their rights to counsel and access to the Courts, the Court notes that in Bounds v. Smith, 97 S.Ct. 1491, 1498 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the court requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." This right of access was further defined by the Court in Lewis v. Casey, 116 S.Ct. 2174 (1996), where the Court stated that an inmate alleging a denial of this constitutional right must show "actual injury." This injury can not be established by alleging that the prison law library or legal assistance program "is sub-par in some theoretical sense,"... but plaintiff "must go one step further and demonstrate that

the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 2179.  This same standard also appears to apply if plaintiffs were incarcerated at the time of the incidents as pretrial detainees, which is not clear from their complaint. See Canell v. Multnomah County, 141 F.Supp.2d 1046 (D.Oregon 2001), where the court, citing Lewis, supra, held the plaintiff pretrial detainee did not demonstrate any actual injury from his denial of access allegations.   In this case, neither plaintiff alleges any type of injury as a result of the restrictions on their mailings, on their telephone calls, or on their access to paper, envelopes and stamps.  In addition, neither plaintiff includes allegations about a specific incident in which the restrictions resulted in harm to them.  Therefore, the Court finds this allegation should be dismissed for failure to state a claim.

The Court also finds plaintiffs fail to state a claim with respect to their allegation concerning the housing of pretrial detainees with convicted inmates awaiting transport to the ADC.  In Perkins v. Grimes, 151 F.3d 1127, 1129-30 (8th Cir. 1999), the Court stated pretrial detainees are entitled to as much protection as a convicted inmate, and analyzed a pretrial detainee's failure to protect claim under the Eighth Amendment analysis used for claims filed by prisoners.  This analysis requires that the inmate show that the prison official acted with deliberate indifference to a substantial risk of harm to the prisoner/detainee.   However, in this case, plaintiffs do not allege such actions by defendants.  In addition, plaintiffs do not refer to a specific incident in which they were involved and in which injury resulted.   Therefore, the Court finds this allegation should be dismissed.

Finally, with respect to plaintiff Oglesby's Eighth Amendment deliberate indifference allegation, the Court finds he also fails to state a claim.  As noted above, the standard of review for conditions of confinement to violate the Eighth Amendment is that an inmate must show that the

alleged deprivations denied him the minimal civilized measure of life's necessities, and defendants were deliberately indifferent to an excessive risk to his health of safety. Seltzer-Bey v. Delo, 66 F.3d 961, 963-4 (8th Cir. 1995). In addition, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), requires that an inmate may not file a federal civil rights action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." Finally, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).

In this particular case, plaintiff Oglesby never alleges any injury as a result of the defendants' allegedly unconstitutional delay in obtaining treatment. In addition, he does not allege any detrimental effect of the alleged twenty-five minute delay in obtaining treatment for him. He also does not allege actions by defendants which constitute deliberate indifference to a serious medical need. Therefore, the Court finds this claim also should be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiffs' claims against defendants are hereby DISMISSED for failure to state a claim.

IT IS SO ORDERED this 13th day of July, 2009.

_____
Henry L. Jones, Jr.
United States Magistrate Judge